THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARCH INSURANCE CO., a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, *et al.*,<br><br>Defendants. | CASE NO. C18-1591-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Safeco Insurance Company of America's motion to compel (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I. **BACKGROUND**

The Court set forth the facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 45.) Trial in this matter is presently scheduled for March 9, 2020. (*See* Dkt. No. 18.) Pursuant to the Court's scheduling order, discovery closed on November 10, 2019 and the parties were required to participate in mediation no later than November 22, 2019. (*See id.*)

On August 28, 2019, Defendant Safeco served Plaintiff with interrogatories and requests

for production seeking discovery related to the costs Plaintiff incurred in defending the underlying lawsuits. (*See* Dkt. Nos. 46 at 3, 47 at 2, 47-1 at 1–17.) Plaintiff failed to timely respond to Defendant Safeco's discovery requests. (*See* Dkt. Nos. 46 at 3–4, 47 at 2.) On October 7, 2019, the parties met and conferred by telephone pursuant to Western District of Washington Local Civil Rule 37(a)(1) to discuss the discovery requests; Plaintiff's counsel did not explain Plaintiff's failure to respond to the discovery requests and Defendant Safeco's counsel stated that a motion to compel would be filed. (*See* Dkt. Nos. 46 at 4, 47 at 2.) On October 8, 2019, the parties participated in mediation without the benefit of Defendant Safeco's requested discovery. (*See* Dkt. No. 47 at 2.)

On October 14, 2019, Defendant Safeco filed the instant motion to compel, seeking an order compelling Plaintiff to respond to the August 28 discovery requests and a finding that Plaintiff waived any objections to the requests. (*See* Dkt. No. 46.) Defendant Safeco also sought sanctions against Plaintiff, including dismissal of Plaintiff's complaint and an award of Defendant Safeco's reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (*See generally id*.)

On October 25, 2019, Plaintiff provided written responses, objections, and 1,877 pages of documents to Defendant Safeco. (*See* Dkt. Nos. 49 at 4, 50 at 2.) It appears that Plaintiff has withheld several documents and has redacted several of the documents it disclosed. (*See* Dkt. Nos. 51 at 2–3, 52 at 2.) Plaintiff has not provided Defendant with a privilege log for the redactions or withheld documents. (*See* Dkt. No. 52 at 2.)[1] In its response to Defendant Safeco's motion to compel, Plaintiff argues that it has complied with its discovery obligations and that sanctions should not be imposed now that it has provided discovery. (*See generally* Dkt. No. 49.) In its reply, Defendant Safeco asserts that Plaintiff's discovery responses are incomplete and

---

[1] Plaintiff asserts that it disclosed the total amount of its defense costs in May 2019, when Duska Roos declared that Plaintiff incurred $843,388.29 in defense costs in the underlying lawsuits. (*See id*. at 4 n.2) (citing Dkt. No. 38 at 4). Roos did not provide documentation supporting Plaintiff's claimed costs. (*See generally* Dkt. Nos. 38, 38-1.)

reiterates its request for sanctions. (*See generally* Dkt. No. 51.)

## II. DISCUSSION

### A. Motion to Compel

Discovery motions are strongly disfavored. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party subject to a discovery request must respond with answers and any objections within 30 days after being served. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). "This is true even of an objection that the information sought is privileged." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Waiver applies equally to interrogatories, withheld documents, and requests for production. *See Bussiere v. Softmart Commercial Servs., Inc.*, Case No. C08-1461-RSM, Dkt. No. 31 at 2 (W.D. Wash. June 2009) (collecting cases and other authorities).

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Defendant Safeco served its discovery requests on Plaintiff on August 28, 2019, and Plaintiff's responses, including objections, were due 30 days thereafter. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2); (Dkt. Nos. 46 at 3, 47 at 2, 47-1 at 1–17.) Plaintiff did not provide its responses until October 25, 2019, well after the deadline mandated by the Federal Rules of Civil Procedure. (*See* Dkt. Nos. 49 at 4, 51 at 2–3.) Plaintiff thus waived any objections, including those based on privilege, to Defendant Safeco's August 28, 2019 discovery requests. *See Richmark Corp.*, 959 F.2d at 1473; *Davis*, 650 F.2d at 1160; *Bussiere*, Case No. C08-1461-RSM, Dkt. No. 31 at 2. Therefore, Defendant Safeco's motion to compel is GRANTED on this

ground. Plaintiff must fully respond to Defendant Safeco's August 28, 2019 discovery requests to the extent it did not do so because of its objections.

**B. Sanctions**

1. Dismissal of Case

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). In evaluating whether dismissal is appropriate, the district court weighs "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (citing *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). After weighing the factors, the district court determines whether the party's behavior demonstrates willfulness, bad faith, or fault. *Id*. (citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

The circumstances presented in the present motion do not justify the heavy sanction of dismissal of Plaintiff's complaint. While Plaintiff failed to comply with the deadline set forth by the Federal Rules of Civil Procedure, Plaintiff ultimately produced responsive discovery and has not yet failed to obey an order of the Court to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Further, a lesser sanction than dismissal is available: an order compelling Plaintiff to produce all discovery responsive to Defendant's discovery requests at issue, without objections. *See Hyde & Drath*, 24 F.3d 1166; *supra* Section II.B.1. Moreover, Defendant Safeco has not established that Plaintiff's behavior in discovery overcomes the public policy favoring disposition of cases on their merits. *See Hyde & Drath*, 24 F.3d 1166; (Dkt. Nos. 46 at 9–10, 51

ORDER
C18-1591-JCC
PAGE - 4

at 4–6.) Therefore, Defendant Safeco's motion to compel is DENIED on this ground.

Defendant Safeco also briefly argues that dismissal is warranted because Plaintiff has failed to prosecute its case, citing Plaintiff's decision to forego affirmative discovery or depositions in support of its case. *See* Fed. R. Civ. P. 41(b); (Dkt. Nos. 46 at 5, 7; 51 at 6.) But Plaintiff has taken a number of affirmative actions in this case, including opposing Defendants' motions for partial summary judgment and producing discovery to Defendants. (*See* Dkt. Nos. 35, 46 at 3–4, 49 at 1.) The Court declines to find that Plaintiff's behavior in this case, including its decision to forego discovery benefiting itself, merits dismissal under Federal Rule of Civil Procedure 41(b). Therefore, Defendant Safeco's motion to compel is DENIED on this ground.

## 2. Reasonable Expenses

If a party provides requested discovery only after the opposing party files a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court cannot order such payment "if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the nondisclosure was substantially justified, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

It is undisputed that Plaintiff provided its written answers, objections, and responsive documents in response to Defendant Safeco's August 28, 2019 discovery requests after Defendant Safeco filed the instant motion to compel. (*See* Dkt. Nos. 46 at 1, 49 at 1, 51 at 2–3.) Defendant Safeco has certified that it met and conferred with Plaintiff in good faith pursuant to Local Civil Rule 37(a)(1) prior to bringing the instant motion to compel. (*See* Dkt. Nos. 46 at 4, 47 at 2.) And in its response to Defendant Safeco's motion to compel, which explicitly sought an award of Defendant Safeco's reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff has not argued that its nondisclosure was substantially justified or pointed to circumstances that would make an award of Defendant Safeco's reasonable expenses unjust.

(*See* Dkt. No. 46 at 10; *see generally* Dkt. No. 49.) Thus, the Court finds that Defendant Safeco is entitled to an award of its reasonable expenses in making its motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and Defendant Safeco's motion to compel is GRANTED on this ground. Defendant Safeco shall file a motion for attorney fees setting forth its expenses incurred in making the present motion to compel within seven days of the issuance of this order.

### III. CONCLUSION

For the foregoing reasons, Defendant Safeco's motion to compel (Dkt. No. 46) is GRANTED in part and DENIED in part. Plaintiff is ORDERED to produce all discovery responsive to Defendant Safeco's August 28, 2019 discovery requests within 14 days of the date this order is issued. Defendant Safeco shall file a motion for attorney fees setting forth its reasonable expenses incurred in making its motion to compel within seven days of the date this order is issued.

DATED this 5th day of December 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE